UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

**KETSIA LUMAQUE, WOODSON CHRISTIANO GEFFRARD,** and **MYRLANDE ALLEN**,

                Plaintiffs,

– against –

**MATTHEW VANCE HUDGINS, NORTH AMERICAN VAN LINES, INC., SIRVA SETTLEMENT, INC.,** and **RELOCATION BENEFITS, LLC.,**

                Defendants.
------------------------------------------------------------------ X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

25-CV-6096 (AMD) (VMS)

**ANN M. DONNELLY**, United States District Judge:

On July 12, 2024, the plaintiffs commenced this action in New York Supreme Court, Queens County, seeking monetary damages for injuries they sustained in a car accident. (*See* ECF No. 1-1.) More than a year later, on November 3, 2025, the defendants removed the action to this court on the basis of diversity jurisdiction. (ECF No. 1.) In their Notice of Removal, the defendants did not contend that the plaintiffs acted in bad faith or otherwise sought to prevent removal of the case. (*See id.*)

On November 5, 2025, Chief Magistrate Judge Vera M. Scanlon ordered the defendants to show cause why the case should not be remanded because the defendants did not remove it to federal court within one year after the plaintiff filed the complaint. (*See ECF Order dated Nov. 5, 2025.*) On November 14, 2025, the defendants responded that the plaintiffs did not timely respond to their demand for damages, which prevented them from removing within a year of the complaint being filed; the defendants claimed that the plaintiffs' failure was "intentional" and in

"bad faith." (ECF No. 7 at 2.) On December 3, 2025, Judge Scanlon directed the plaintiffs to respond and provide "any reasons for Plaintiff's delay in responding to Defendant's discovery demands." (*ECF Order dated Dec. 3, 2025*.) On December 12, 2025, the plaintiffs attributed the delay to "legitimate factors": they "were undergoing complex and evolving medical treatment, including surgeries and rehabilitative care, which contributed to the time required to compile complete and accurate discovery responses." (ECF No. 8 at 2.)

Judge Scanlon issued a *sua sponte* Report and Recommendation on December 30, 2025, recommending that the Court remand this action to state court because the defendants did not remove the case within one year of the complaint being filed, pursuant to 28 U.S.C. § 1446(c)(1). (*ECF Order dated Dec. 30, 2025*.) In particular, Judge Scanlon found that the plaintiffs' explanation for their delay was reasonable. (*Id.*) Judge Scanlon described the defendants' assertions that the plaintiffs acted in bad faith as "conclusory and rooted in speculation." (*Id.* (quoting *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 152 (E.D.N.Y. 2025)).) Given the plaintiffs' explanation for the delay, the defendants' three unanswered requests over 15 months "do not support application of the bad faith exception [to the one-year time limit for removal under 28 U.S.C. § 1446(c)(1)], which must be construed narrowly." (*Id.*) Accordingly, Judge Scanlon recommended remanding the case to state court. (*Id.*) No objections have been filed to the Report and Recommendation, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept a Report and Recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Jarvis v. N. Am. Globex Fund*

2

*L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has carefully reviewed Judge Scanlon's well-reasoned Report and Recommendation and finds no error.  Accordingly, the Court adopts the Report and Recommendation in its entirety.  The Clerk of Court is directed to remand the case to the Supreme Court of the State of New York, Queens County.

**SO ORDERED.**

   s/Ann M. Donnelly   
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      January 15, 2026